### 12860.  CITY OF DAWSON *et al. v.* McGILL.

1. A cause of action against the city and the construction company, for personal injuries alleged to have been caused by the turning of a plank, upon which the plaintiff stepped in attempting to walk across a ditch and which had been insecurely placed by the construction company where the ditch had been previously crossed by a bridge, was stated in the plaintiff's petition; and the court did not err in overruling the demurrer to the petition.
2. Under the evidence the plaintiff was not entitled to a verdict against either of the defendants.
3. As a new trial must result from the ruling in the preceding paragraph, it is unnecessary to consider other grounds of the motion for a new trial.

DECIDED MARCH 7, 1922.

Action for damages; from city court of Dawson — Judge Edwards. August 27, 1921.

*W. H. Gurr, R. R. Marlin, Pottle & Hofmayer,* for plaintiffs in error.

*Parks & Parks,* contra.

BLOODWORTH, J. We need to elaborate only the second headnote. The petition, among other things, alleges that "the City of Dawson, in April, 1920, through the City Council of Dawson, awarded to the said Pittman Construction Company a contract to grade and pave certain streets in Dawson. By the authority granted and direction given to it by the said City of Dawson,

through the City Council aforesaid, the Pittman Construction Company was empowered and authorized to make excavations, to remove and reset curbings, to eliminate any obstructions to the work of grading, paving and setting curbings that might be necessary, to close streets or ways to traffic, and to do any and all other works of construction or demolition for the expeditious and successful carrying on of the operations aforesaid. During the entire period of such operations, including the 14th day of September, 1920, a civil engineer, employed by the City of Dawson, overlooked the work of the said Pittman Construction Company, with full power and authority vested in him to reject any unsafe or unsatisfactory construction or work incident to the carrying out of its contract by the said Pittman Construction Company. . . On the 14th day of September, 1920, while engaged in the paving operations aforesaid, the said Pittman Construction Company removed a cross-bridge at the intersection of Lee and Stonewall Streets, said bridge being over a ditch at the edge of and contiguous to the curbing at the east end of the sidewalk on the north side of Lee street, in front of the building known as Kennedy's warehouse building. A broad stream of water was turned into the curb ditch by the said construction company on the north side of Lee street, and ran thence down the west side of Stonewall street, along and beyond and on either side of where the said crossing bridge had been removed. Several planks were placed across said ditch by the said construction company, or with its knowledge and consent and approval, where said bridge had been. These planks were about four feet in length and of the aggregate breadth of about twelve inches, one end of each being placed upon the curbing at the end of the sidewalk and the other upon the ground in the street, the same sloping at an angle of about twenty-five degrees. The same were not securely fixed in place, the ends resting upon the sidewalk curbing unevenly. This defect was not observable to petitioner or other pedestrians, but they apparently presented a safe and satisfactory means and way of crossing. . . About dark on the evening of the said 14th day of September, 1920, while returning to her home on Lee street from her work and proceeding along the sidewalk on the north side of said Lee street, petitioner proceeded to use the planks placed as aforesaid for the purpose of crossing at the regular crossing

place from Lee street across said ditch and Stonewall street, and upon her stepping upon one of these planks it suddenly turned to one side and precipitated her into the ditch. At the time when petitioner attempted to make use of the said crossing and at no time prior thereto was the said sidewalk or crossing closed to pedestrians, nor were there any lights, ropes, and other signals to indicate that the sidewalk or the means of crossing provided as aforesaid should not be used or was safe and trustworthy. On the contrary, the said sidewalk had been continuously open to pedestrians during the whole of said day, and the planks placed as aforesaid had been in general use by the public during the whole of said afternoon, and said crossing of planks presented an open invitation to petitioner and pedestrians generally for its use. Petitioner further shows that there was no other place of crossing in the immediate locality except at the place where she attempted to cross, as a broad stream of water stood next to the curbing on both Lee and Stonewall streets, and there was no other passageway over the same. . . As a result of the defective condition of said crossing as aforesaid, petitioner, without fault on her part, was thrown violently to the ground, and sustained a severe strain and laceration of her right ankle."

(*a*) Before the Pittman Construction Company could he held liable for the injury to the plaintiff, it would be necessary to prove the allegation in the petition that " several planks were placed across said ditch by the said construction company, or with its knowledge and consent and approval, where said bridge had been," and that " the same were not securely fixed in place." The evidence fails to support these allegations, and a verdict against the construction company was unauthorized.

(*b*) The City of Dawson could not be held liable for the damage to the plaintiff resulting from the planks being placed across the ditch, unless the evidence showed that the city had actual knowledge that they were there and were not securely placed, or unless the facts were such as to charge the city with such knowledge. The record shows that the city authorities had no actual knowledge of the presence of the planks; and, as the evidence showed that they had been placed across the ditch only a few hours previous to the injury of the plaintiff, under the ruling in *Mayor &c. of Jackson* v. *Boone, 93 Ga.* 662 (3) (20 S. E. 46),

this was not sufficient to show that, in the exercise of ordinary care, the city officials might have ascertained the presence of the planks, and that they were not securely fixed in place, the plaintiff was not entitled to a verdict against the municipality.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*